IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORIS FITCH, Administrator of the estate of ROLAND MAYES, deceased,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>JOHN and JAMES DOE, individually and  )<br>as agents and/or employees of ROBERT  )<br>HERTZ, SHERIFF OF MADISON  )<br>COUNTY and ROBERT HERTZ,  )<br>SHERIFF OF MADISON COUNTY,  )<br>  )<br>Defendants.  ) | Case No. 06-cv-0676-MJR |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Introduction and Procedural Background

On September 4, 2006, Doris Fitch, Administrator of the Estate of Roland Mayes, deceased, filed a six-count Complaint in this Court pursuant to **42 U.S.C. § 1983**. Fitch alleges, *inter alia,* that, pursuant to the Defendant Robert Hertz's policy, custom and practice, 1) persons placed into custody at the Madison County Jail are prohibited from bringing or having brought to them any type of medications; 2) medications brought by a person being admitted to the jail are inventoried, so that Hertz's own medical staff or pharmacy staff can supply the same or equivalent medications to the inmate; and 3) Hertz employs physicians and other medical-care providers to examine and treat inmates but does not require these providers to regularly examine and treat inmates with known life-threatening conditions and does not require these providers to contact inmates' primary medical-care providers to discuss the inmates' medical history, condition or the

medications inmate was taking when incarcerated.

Fitch claims that, when Mayes was taken into custody and incarcerated at Madison County Jail, he brought with him medications for depression, seizure prevention and a "diabetes-like" endocrine disorder. Both Mayes and his wife told Defendants John and James Doe[1] that he could have a seizure or an attack if he did not receive his medication. Mayes was seen by a physician between September 6, 2005, and September 12, 2005, and informed the physician of the medications he had been taking and asked that his primary care physician be contacted. Mayes received no medication while he was incarcerated, and no one contacted his primary care physician or family members. Fitch alleges that, as a result of the sudden discontinuance of Mayes's seizure or diabetes/endocrine medication, or both, Mayes suffered a seizure, epileptic reaction or diabetic attack, and died on September 15, 2005.

Defendant Hertz moves to dismiss Counts II through VI of Mayes's Complaint, maintaining that Mayes has failed to state a claim upon which relief can be granted and that Mayes's state law tort claims are barred by the immunity provided under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"). The matter is fully briefed and ready for disposition.

## II. Standard Governing a Motion to Dismiss

Hertz moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which governs dismissal for failure to state a claim. In assessing a Rule 12(b)(6) motion, the Court must take as true all factual allegations and construe in plaintiff's favor all reasonable

---

[1] Plaintiff alleges that John and James Doe were police or law-enforcement officers, employed by the sheriff, whose identity cannot be ascertained without discovery.

inferences. *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 656 (7th Cir. 2006); *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002).

A complaint should be dismissed only "if there is no set of facts, even hypothesized, that could entitle a plaintiff to relief." *Massey*, 464 F.3d at 656. As the United States Court of Appeals for the Seventh Circuit explained:

> "We construe the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).... Dismissal is proper "only if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* **McCready v. EBay, Inc., 453 F.3d 882, 887 (7th Cir. 2006).**

Indeed, the law of this Circuit recognizes that, generally, "a party need not plead much to survive a motion to dismiss" - not specific facts, not legal theories, and not anything in anticipation of a possible defense. *Massey*, **464 F.3d at 650 (*citing Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901-02 (7th Cir. 2004))**. The gist of this Court's inquiry is "whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which it rests." *Mosely v. Board of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). *See also Swierkiewicz v. Sorema N.A.*, **534 U.S. 506, 508 (2002) (complaints need not allege facts; they need only present a claim for relief).**

### III. Analysis

Defendant Hertz contends that dismissal is appropriate because 1) Fitch failed to allege that he personally participated in the deprivation of Mayes's constitutional rights as required under 42 U.S.C. § 1983; and 2) Fitch's state law tort claims are barred by the immunity provided under the Tort Immunity Act.

Stated simply, a § 1983 claim requires the plaintiff to allege that a state actor deprived him of a federally-secured right.  *Mosely*, **434 F.3d at 533;** *see also Neuman v. McCoy*, **210 Fed.Appx. 542, 2006 WL 3804383 (7th Cir. 2006) (unpublished) (Section 1983 requires that the defendant's action, or inaction, deprived the plaintiff of a right secured by federal laws or the federal constitution.)**.

In the case at bar, Hertz argues that Count II does not allege any personal involvement on his part; therefore, Count II must be dismissed because there is no supervisory liability under § 1983.  Fitch responds that she is claiming neither personal involvement nor supervisory liability against Hertz but, rather, is claiming Hertz is liable in his official municipal capacity, in the same manner that a municipality is liable under **§** 1983 when a municipal policy, or custom and practice, deprives someone of his constitutional rights.

Fitch, in suing Hertz in his official capacity, has, in essence, sued Madison County.  *See Will v. Michigan Dep't of State Police*, **491 U.S. 58, 71 (1989) (holding that a suit against a "state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office");**  *Monell v. Dept. of Social Services*, **436 U.S. 658, 690 n. 55 (1978)   (holding that official-capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent")**.  Therefore, in analyzing Fitch's official-capacity claims against Hertz, the Court will apply the standards for municipal liability.

Although § 1983 actions can be brought against municipalities, municipalities may not be held liable under § 1983 on a theory of *respondeat superior*.  In *Monell,* the Supreme Court announced that a municipality cannot be held liable solely because it employs a tortfeasor. **436 U.S.**

**at 691.** Instead, there must be an affirmative link between the alleged constitutional violation and a governmental policy or custom. The Seventh Circuit has explained the circumstances under which a city may be held liable under § 1983:

> it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. ***Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994).**

To allege that a municipal policy has violated the plaintiff's civil rights under § 1983, the plaintiff must allege conduct by the defendant that falls within one of the three recognized categories of municipal conduct/activity:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) . . . a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policy-making authority. ***McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir. 2000). *See also Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998); *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)**.

Fitch alleges that Hertz's policies, or customs and practices constituted deliberate indifference to Mayes's serious medical needs, in violation of his rights under the Eighth Amendment to the United States Constitution. Applying the standards set forth above, the Court finds that Fitch has sufficiently alleged a policy, or custom and practice, that could entitle her to relief. Accordingly, Hertz's motion to dismiss as to liability under § 1983 must be denied.

Hertz next argues that Counts Five and Six must be dismissed because he is immune from tort liability for negligence on the facts of this case under 745 ILCS 10/2-201, 2-202 and 2-205. Section 2-201 states: "Except as provided by Statute, a public employee

serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."

Hertz's argument is without merit.  Illinois law provides a special duty exception to the Tort Immunity Act ". . . where the actions of the municipality's agent showed a special relationship with the plaintiff that created a duty different from the duty owed to the general public." ***Egebergh v. Sheahan,* 955 F.Supp. 965, 968 (N.D.Ill. 1997) (quoting *Doe v. Calumet City*, 161 Ill.2d 374, 641 N.E.2d 498, 504 (Ill. 1994) (overruled on other grounds)**.  Fitch's allegations fit squarely within the four-part test enunciated by the Illinois Supreme Court in *Doe*, in that Fitch alleges that Hertz was uniquely aware of the particular risk to which Mayes was exposed; specifically acted to deprive Mayes of his medications or omitted to provide them; the acts were both affirmative and willful; and Mayes's injury was under Hertz's direct and immediate control. *See id*.  Accordingly, the Court finds that immunity under Section 2-201 is not available at this stage in the proceedings.

Hertz argues that Section 2-202 of the Tort Immunity Act immunizes him from acts or omissions in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct.  However, whether or not Hertz's conduct was willful and wanton is a question of fact for the jury to decide and is not appropriate for this Court to decide on a motion to dismiss.  ***See Doe*, 641 N.E.2d at 506**.  Furthermore, the Court can conceive of facts that Fitch could allege to negate immunity.  Accordingly, the Court declines to dismiss Fitch's claims under Section 2-202.  ***See Clark v. City of Chicago*, 595 F.Supp. 482, 487 (N.D. Ill. 1984).**

Hertz argues that Section 2-205 provides support for his motion to dismiss the state

law claims because a public employee is not liable for injury caused by his adoption of or failure to adopt an enactment or his failure to enforce any law. As to this issue, Hertz's allegation is too vague to allow it to form the basis for dismissal at this point in the proceedings. Hertz simply identifies the statute and announces that it immunizes him. He does not state what enactment he adopted or failed to adopt, or what law he failed to enforce. *See, e. g., Konrad v. Genauldi*, **1996 WL 556985, \*4 (N.D.Ill. 1996) (unpublished) (section 2-205 inapplicable where officers were neither enacting legislation nor enforcing any laws)**. Accordingly, the Court declines to dismiss Fitch's claims under Section 2-205.

Hertz claims that he is immunized with respect to all state law tort claims by virtue of 735 ILCS 10/4-103 and 4-105. Section 4-103 immunizes a local public entity or employee for failure to provide sufficient equipment, personnel, supervision or facilities in a jail. Hertz's argument is, again, cursory, and fails to explain how section 4-103 immunizes him from providing necessary medication, where the failure to provide such medication may constitute deliberate indifference to serious medical needs in violation of the Eighth Amendment. Accordingly, the Court declines to dismiss Fitch's claims under Section 4-103.

Finally, Hertz argues that Section 4-105 of the Tort Immunity Act provides him with immunity to Fitch's claim that Hertz failed to obtain medical care for Mayes. Hertz asserts that there are no allegations that he had personal knowledge of Mayes's medical condition at any time during his incarceration. In response, Plaintiff argues that 4-105 does not apply to routine, non-discretionary tasks such as failure to inventory medicine, and, even if 4-105 does apply, Hertz has admitted that there is a willful and wanton exception to this section. The Court agrees with Fitch.

Section 4-105 provides that:

> Neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but this Section shall not apply where the employee, acting within the scope of his employment, knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care.

As set forth above, whether Hertz's conduct was willful or wanton is a question of fact, not to be decided on a motion to dismiss. ***Doe*, 641 N.E.2d at 506**; *Cooper v. Office of Sheriff of Will County*, 333 F.Supp.2d 728, 735 (N.D. Ill. 2004). Fitch states in her complaint that Mayes was in clear need of medical attention, which he did not receive, and that it was Hertz's policies, or customs and procedures, that ultimately led to his death. Hertz is "not allowed to turn a blind eye" to the health needs of an inmate, particularly one who is known to have a serious medical problem that requires medication. *Sanvil v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001); *Egebergh,* 272 at 927-28 (finding that deliberate indifference could exist where officers knew of an inmate's diabetic condition and neglected to give him an insulin shot).

Moreover, Fitch may also avoid the bar of governmental immunity based on section 4-105 under the special duty exception, which the Court has already found to be applicable based on Fitch's allegations, *supra*. *Egebergh*, 955 F.Supp. at 968-69 (citing *Calloway v. Kinkelaar*, 168 Ill.2d 312, 659 N.E.2d 1322, 1330 (1995) and *Doe*, 641 N.E.2d at 505) (allegation of governmental immunity may be overcome by meeting the four-prong test of the special duty exception or by proving willful and wanton conduct). Therefore, Hertz's arguments as to Section 4-105 are without merit at this stage in the proceedings.

### IV.  Conclusion

For the above-stated reasons, the Court hereby **DENIES** Defendant's motion to

dismiss (Doc. 9).

**IT IS SO ORDERED.**

**DATED this 11th day of May, 2007**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
