IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DORIS FITCH**, **Administrator of the Estate** )
**of Roland Mayes, deceased,** )
)
       Plaintiff, )
)
V. )   Civil No. **06-676-CJP**[1]
)
**JOHN AND JAMES DOE, and** )
**ROBERT HERTZ,** )
)
       Defendants. )

**ORDER**

**PROUD, Magistrate Judge:**

    Before the Court is plaintiff Doris Fitch's motion for leave to dismiss Counts I and II of the Complaint, and for remand of Counts III through VII to state court. **(Doc. 44).** Counts I and II are federal claims brought pursuant to 42 U.S.C. § 1983; Counts III through VII are supplemental state law claims. **(Doc. 3).** The complaint invoked federal question/civil rights jurisdiction in accordance with 28 U.S.C. §§ 1331 and 1343, with related state law claims brought pursuant to 28 U.S.C. 1367. **(Doc. 3, p. 1).** All parties are citizens of the State of Illinois. **(Doc. 44).**

    Voluntary dismissal at this stage in the proceedings is left to the discretion of the Court, and dismissal may be with or without prejudice. **Fed.R.Civ.P. 41(a)(2);** *FDIC v. Knostman*, **966 F.2d 1133, 1142 (7th Cir, 1992).** If all federal claims have been dismissed, the district court

---

[1] In accordance with 28 U.S.C. § 636(c)(1), upon the consent of the parties, U.S. District Judge Michael J. Reagan referred this action to the undersigned magistrate judge for all further proceedings, through and including entry of final judgment. **(Docs. 37 and 38).**

1

may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3).

> [T]he district courts should exercise this discretion to relinquish jurisdiction over state law claims that remain after the dismissal of federal claims unless any of the following three circumstances exists: (1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided.

*Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008) quoting *Williams v. Rodriguez,* 509 F.3d 392, 404 (7th Cir.2007).

Plaintiffs concede that dismissal of Counts I and II should be with prejudice, although plaintiffs request that costs not be assessed. **(Doc. 44, p. 2).** The defendants have not filed a response or otherwise opposed the subject motion to dismiss and remand. Furthermore, the Court perceives no prejudice to the defendants if Counts I and II were dismissed. The Illinois savings statute (735 ILCS 5/13-217) permits refiling of the state law claims within one year.

**IT IS THEREFORE ORDERED** that the subject motion **(Doc. 44)** is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion to dismiss Counts I and II of the complaint with prejudice is granted. Counts III through VII are dismissed without prejudice. No costs shall be assessed against plaintiff. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 8, 2008**

                                          **s/ Clifford J. Proud**
                                          **CLIFFORD J. PROUD**
                                          **U. S. MAGISTRATE JUDGE**